

ORDERED in the Southern District of Florida on July 10, 2018.

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Fort Lauderdale Division

In re:

BRADLEY A. CATRI,                                    Case No. 15-16689-BKC-RBR

    Debtor.                                                 Chapter 7

_____/

**ORDER GRANTING IN PART DEBTOR'S MOTION FOR SANCTIONS AGAINST LOCH LOMOND CLUB, INC. FOR VIOLATIONS OF THE DISCHARGE INJUNCTION [D.E. 51]**

THIS MATTER came before the Court for an evidentiary hearing on March 16, 2018, upon the Debtor's *Motion for Sanctions Against Loch Lomond Club, Inc. for Violations of the Discharge Injunction* [D.E. 51] (the "Motion"). At the evidentiary hearing, the Court admitted Debtor's Exhibits 1, 3-4, and 7-16 into evidence,[1] heard the argument of the parties, and heard the testimony of the Debtor. After having considered the evidence, testimony, argument, and the relevant law, the Court finds that Loch Lomond Club, Inc. (the Creditor) violated the discharge injunction, and sanctions are appropriate.

---

[1] Creditor's Counsel objected to Debtor's Exhibits 17 and 18, which Debtor presented as evidence of attorney's fees accrued by Debtor, and the Court refused to admit Debtor's Exhibits 17 and 18 into evidence.

**I. FINDINGS OF FACT**

On April 14, 2015, Debtor commenced this bankruptcy by filing a Chapter 7 Voluntary Petition. [D.E. 1]. Debtor listed Creditor, Loch Lomond Club, Inc., as a creditor holding a disputed, unsecured nonpriority claim on Schedule F. [D.E. 1 at 20-21]. Debtor received a Chapter 7 discharge on July 22, 2015. [D.E. 26], which lifted the automatic stay, and the Court closed the bankruptcy case on August 6, 2015. [D.E. 28]; 11 U.S.C. § 362(c)(2)(C). Shortly after Debtor received the discharge, Creditor moved for summary judgment in the state court proceeding and sought monetary damages from Debtor for "all unpaid assessments" in the amount of "$9,343.07." Exs. 3, 4. The State Court dismissed that case without prejudice and without leave to amend because the name of the association was incorrect. Ex. 7.

On April 19, 2016, Creditor mailed a letter to Debtor stating that his "account with the Association is substantially past due," and "the full amount of the debt will become a lien against the real property and must be repaid to avoid this from occurring." Ex. 9. The letter demanded payment in full in the amount of $9,670.77, which included monthly assessments from November 2012 through April 2015 and May 2015 through April 2016. Ex. 9. The letter warned that, if Debtor failed to make the payment, Creditor "shall have no alternative but to proceed with any and all legal action necessary to protect the Association's interest, including but not limited [to] the filing of a Claim of Lien." Ex. 9.

On July 28, 2016, Creditor recorded a Claim of Lien against the Property in the amount of $9,552.33, which included monthly assessments for the following time periods: 11/01/12 – 12/01/12, 01/01/13 – 12/01/13, 01/01/14 – 12/01/14, and 01/01/15 – 07/01/16. Ex. 10. The Claim of Lien included the following relevant passage:

> Defendant Bradley A. Catri filed a Chapter 7 Bankruptcy on April 14, 2015, Case No. 15-16689-RBR, and received a Discharge of his personal liability of all moneys owed to the Association prior to April 14, 2015. This is not an attempt to collect a discharged debt personally from the defendant Bradley A. Catri, and the Association shall not seek a deficiency judgment against the defendant for these amounts. Defendant Bradley A. Catri, however, is responsible for the payment of all Association dues incurred after April 14, 2015, pursuant to 11 U.S.C. 523(a)(16), and the Association is entitled to seek a deficiency judgment against the Defendant for all post-petition amounts owed. The entire amount of the debt, however, will become a lien against the real property.

Ex. 10. The Claim of Lien acknowledged that Debtor had made payments between May 2015 and July 2016 in the amount of $3,510.74. The Claim of Lien subtracted these payments from the total amount due, which included monthly assessments dating back to November 1, 2012. Ex. 8, 10.

On July 28, 2016, Creditor mailed Debtor a Notice of Intent to Foreclose, which included a total amount due of $10,538.80 and again subtracted payments made between May 2015 and July 2016 from the total amount due dating back to November 2012. Ex. 11. The Notice of Intent to Foreclose included the exact same passage block quoted above. Ex. 11 at 2. On September 22, 2016, Creditor filed a Complaint for Foreclosure and Damages in State Court against Debtor "to recover delinquent assessments, interest costs and attorney's fees." Ex. 15 at 4. The Complaint alleged that Debtor "failed to pay assessments in the amount of: $11,580.17 as of September 20, 2016." Ex. 15 at 4. Creditor requested an award "in the amount of all delinquent assessments and interest found to be due after the Bankruptcy Petition Date." Ex. 15 at 5. The Complaint acknowledged that Debtor had no personal liability for assessments prior to the Bankruptcy Petition Date. Ex. 15 at 5.

On October 18, 2016, Creditor mailed Debtor another letter that acknowledged receipt of a payment and informed Debtor that (pursuant to Florida Statute 720.3085(3)) his payment was "applied first to interest, next to late charges, then to attorney's costs and fees and finally to delinquent assessments." Ex. 12. This letter demanded payment in full of all amounts due to stop the "collection action." Ex. 12. Debtor's Counsel requested clarification of the $11,580.17 amount, and Creditor's Counsel explained, "[A]mounts remitted to the association are accounted for on an accrual basis meaning that whatever payments are received from your client are applied to the oldest debt first." Ex. 13, 14. Although the Claim of Lien and Notice of Intent to Foreclose acknowledge payments made by the Debtor between May 2015 and July 2016, the Court discovered that those payments were excluded on the Creditor's ledger attached by Creditor's Counsel because none of the check numbers admitted as evidence by Debtor where listed on Creditor's ledger. Ex. 8, 10, 11, 14. Further, the late fees on the Creditor's ledger increased monthly because Creditor computed the amount of the late fee based on the total amount due. Ex. 14.

Creditor has maintained contradictory positions in this case. First, Creditor's attorneys referenced the bankruptcy in the Claim of Lien, Notice of Intent to Foreclose, and the Complaint, which sought to hold Debtor accountable for only the post-petition payments. Ex. 10, 11, 15. However, the Claim of Lien and Notice of Intent to Foreclose revealed the calculation of how Debtor's post-petition payments were subtracted from the total amount due, including pre-petition assessments. Ex. 10, 11. The explanations from the Creditor and Creditor's counsel acknowledged that post-petition payments were applied to the oldest debt first (i.e. pre-petition assessments) and delinquent payments last. Ex. 12, 14. The unrefuted evidence revealed that Creditor's method of accounting failed to discharge the pre-petition debts and applied Debtor's post-petition payments to the pre-petition debt.

## II. CONCLUSIONS OF LAW

A Chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief," not "a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a . . . a lot in a homeowners association." 11 U.S.C. §§ 523(a)(16), 727(b). "A discharge . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor*, whether or not discharge of such debt is waived."[2] 11 U.S.C. § 524(a)(2) (emphasis added). This discharge permits a debtor a "fresh start." *Harris v. Viegelahn*, 135 S. Ct. 1829, 1835 (2015) (citing *Marrama v. Citizens Bank*, 549 U.S. 365, 367, 127 S. Ct. 1105 (2007)).

"Congress has empowered bankruptcy courts broadly to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code, 11 U.S.C. § 105(a), including sanctions to enforce the discharge injunction." *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1319 (11th Cir. 2015) (quoting *Hardy v. United States ex rel. Internal Revenue Serv. (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir. 1996)). In the Eleventh Circuit, "the test for whether a

---

[2] The Court recognized that Debtor's discharge only applied to personal liability, and Creditor held rights to proceed *in rem* as to the property. *In re Sain*, 25 Fla. L. Weekly Fed. B 14, *8-9 (U.S. Bankr. S.D. Fla. 2013).

4

creditor violates the discharge injunction under 11 U.S.C. § 524(a)(2) is whether the objective effect of the creditor's action is to pressure a debtor to repay a discharged debt, regardless of the legal entity against which the creditor files its claim." *In re McLean*, 794 F.3d at 1321-22 (quoting H.R. Rep. No. 95-595, at 366 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6321) (finding that "[Section 524] is intended to insure that once a debt is discharged, *the debtor will not be pressured in any way to repay it*.") (alterations in original). "[T]o find contempt, the bankruptcy court need[] only to find that [the creditor] was aware of the discharge injunction and intended the action that violated it." *In re McLean*, 794 F.3d at 1323. For civil contempt, only coercive sanctions are appropriate, and such sanctions "cannot be any greater than necessary to ensure . . . compliance and may not be so excessive as to be punitive in nature." *Id.* (quoting *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1558 (11th Cir. 1996)).

Here, Debtor's pre-petition debt (i.e. debt incurred prior to the date of the filing – April 14, 2015) was discharged, and Debtor only remained personally liable for post-petition assessments from Creditor incurred after April 14, 2015. [D.E. 26]; 11 U.S.C. §§ 523(a)(16), 727(b). Creditor was enjoined from "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor*." 11 U.S.C. § 524(a)(2) (emphasis added). Debtor never received his "fresh start" from Creditor because Creditor continued to pursue the collection of the pre-petition debts. *Harris*, 135 S. Ct. at 1835 (citing *Marrama*, 549 U.S. at 367).

Although Creditor was within its rights to proceed *in rem* against the property by filing a Claim of Lien, Creditor continued to collect pre-petition sums actions, and Creditor's actions had "the objective effect of . . . pressur[ing the] debtor to repay a discharged debt." *In re McLean*, 794 F.3d at 1321-22. First, Creditor sent Debtor a letter that demanded payment of the pre-petition debt in full from Debtor to prevent the filing of Claim of Lien. Ex. 9. Second, Creditor sent Debtor another demanding payment in full of all amounts due to stop the "collection action." Ex. 12. These letters pressured Debtor to make payments on the discharged debt.

Third and most egregious, Creditor failed to clear the balance remaining on Debtor's account after the discharge, and Creditor's method of accounting using an "accrual basis" applied Debtor's post-petition

payments to "the oldest debt first," "interest, . . . late charges, . . . attorney's costs and fees and finally to delinquent assessments." Ex. 12, 13, 14. Debtor made post-petition payments, and Creditor acknowledged receipt of post-petition payments between May 2015 and July 2016 on the Claim of Lien and Notice of Intent to Foreclose; however, Creditor subtracted the post-petition payments from the total amount due, including pre-petition debt. Ex. 8, 10, 11. Creditor has since filed a Complaint in the State Court seeking *in personam* relief against Debtor for allegedly failing to make post-petition payments, which contradicts the acknowledgment of receipt of post-petition payments. Ex. 15 at 5. Creditor's accounting method violted the discharge injunction because the accounting method caused Debtor to pay pre-petition, discharged debt. Permission of Creditor's actions would allow Creditor to pursue Debtor *in personam* for post-petition payments that he did, in fact, pay; the Court finds such an outcome inconsistent with the Bankruptcy Code.

The Court finds Creditor in civil contempt of the discharge injunction in this case. Creditor's actions violated the discharge injunction by pressuring and causing Debtor to make payments on discharged debt. ). "[T]o find contempt, the bankruptcy court need[] only to find that [the creditor] was aware of the discharge injunction and intended the action that violated it." *In re McLean*, 794 F.3d at 1323. Creditor's Claim of Lien, Notice of Intent to Foreclose, and Complaint all acknowledged the bankruptcy case and the discharge injunction, and Creditor intended the actions listed above that violated the discharge injunction. Exs. 10, 11, 15.  For civil contempt, only coercive sanctions are appropriate, and such sanctions "cannot be any greater than necessary to ensure . . . compliance and may not be so excessive as to be punitive in nature." *Id.* (quoting *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1558 (11th Cir. 1996)). Thus, the Court shall award Debtor attorney's fees in full as a compensatory sanction and require Creditor to correct the accounting as to Debtor. The Court will not invalidate the claim of lien recorded by Creditor because an adversary proceeding is required to "determine the validity . . . of a lien." Fed. R. Bankr. P. 7001(2).

Accordingly, it is

**ORDERED** as follows:

1. The Motion [D.E. 51] is **GRANTED IN PART**. The Court holds Creditor in contempt of the discharge injunction, and Debtor is awarded attorney's fees relating to the violation of the discharge

injunction in full as a compensatory sanction.

3. **Within 15 days of the entry of this Order**, Debtor is **DIRECTED** to file of a summary of attorney's fees relating to violation of the discharge injunction.

4. **Within 30 days of Debtor's filing of the summary of attorney's fees**, Creditor is **DIRECTED** to remit payment of the full amount of the attorney's fees to Debtor.

5. Creditor is enjoined from continuing to collect on the pre-petition debt from Debtor, and Creditor shall correct Debtor's account. Creditor shall zero out Debtor's account as of the filing date of the bankruptcy case, April 14, 2015, recalculate late fees and interest based on this new balance, and apply all post-petition payments to only post-petition debts.  **<u>If Creditor fails to comply with this instruction within 30 days of this Order, Creditor shall pay $3,500.00 to Debtor.</u>** Creditor may purge only the coercive sanction of $3,500.00 by complying with the Court's instruction in this paragraph.

6. The Court retains jurisdiction to enforce the terms of this Order.

###

*The Clerk shall furnish copies to all parties in interest.*